No. 103
VIGORITTO v. STATE
Ohio Appeals, 7th Dist., Trumbull County
Decided Sept. 28, 1923

661. INTOXICATING LIQUORS—Court of Appeals is not in session when sitting in another county under the construction of 6212-2 GC. of the Liquor Statute.

FARR, J.

Epitomized Opinion
First Publication of this Opinion

Vigoritto was convicted in Trumbull Common Pleas of possessing intoxicating liquors. Vigoritto filed a motion for leave to file a petition in error. The case involved the construction of 6212-2 GC., which provids that a petition in error shall not be filed in any court to reverse a conviction of a violation of this act, or to reverse a judgment affirming such convction, except after leave granted by the reviewing court. The section also provides that the petition in error must be filed within 30 days after the judgment, but when the reviewing court is not in session, the motion for leave to file the petition in error, and the petiton in error may be filed within ten days after it is in session. At the time th motion was filed, the Court of Appeals was sitting in another county.

In searching Vigoritto's premises, officers found 19 barrels of wine and 26 bottles of bonded liquor in a bag. Vigoritto testified that he made the wine n 1917 but did not know how the bonded liquor got in the house. His wife testified that she purchased it from a wayfarer, but she told the officers at the time of the raid that she did not know how it got there. In affirming the judgment, the Court of Appeals held:

1. In session, as used in the statute, relates to a session of court in the county in which a cause is pending. It does not relate to the court being in session in some other county of the district. Therefore, application having been made within 10 days from the time this court convened at this present term, leave is granted to file the petition in error and the case will be decided upon its merits.

2. The evasive testimony with its suggested improbabilities and its conflicts, leads to the conclusion that the judgment of the court below was right and it is therefore affirmed.

Attorneys—W. W. Pierson, for Vigoritto; H. A. Burgess, for State, both of Warren.